UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LORIN GROSSMAN,

    Plaintiff,

v.

B&J SERVICES OF MIAMI, LLC, and CARLA RODAS,

    Defendants,
_____/

## COMPLAINT

Plaintiff, LORIN GROSSMAN ("Plaintiff" or "Ms. Grossman"), by and through her undersigned counsel, hereby files the following Complaint against Defendants, B&J SERVICES OF MIAMI, LLC ("B&J SERVICES"), and CARLA RODAS ("RODAS")(collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This case involves a landlord who intentionally refused to show or lease property to a prospective tenant, based on the tenant's physical disability.

2. Ms. Grossman brings this action pursuant to the Fair Housing Act ("FHA", 42 U.S.C. § 3604 *et seq.*) and the Florida Fair Housing Act ("Florida FHA", § 760.23, Fla. Stat. *et seq.*).

3. Ms. Grossman seeks monetary relief to redress the Defendants' unlawful housing practices in violation of the FHA and the Florida FHA. Additionally, this action seeks to redress Defendants' deprivation of Ms. Grossman' personal dignity and her civil right to equal housing opportunities.

4. Prior to filing this Complaint, Plaintiff filed a complaint with the Florida

Commission on Human Relations, which, following a full investigation, determined that there is reasonable cause to conclude that a discriminatory housing practice occurred in this case, and provided Plaintiff the option for this claim to be filed against Defendants by the Florida Attorney General, to proceed before the FCHR, or to file a private cause of action.

5. Ms. Grossman has elected to file a private cause of action. This lawsuit follows.

## PARTIES

6. Ms. Grossman is an individual female residing in Miami-Dade County, Florida.

7. Defendant, B&J Services is a Florida limited liability company, located and doing business in Miami-Dade County, Florida.

8. Defendant Rodas is an individual residing in this District.

9. At all material times, Ms. Grossman attempting to view and lease that certain real property located at 315 NW 59th St., in Miami, Florida (hereinafter referred to as "the Property").

10. At all material times, on information and belief, B&J Services owned the Property, and controlled the conditions of showing and leasing the Property. B&J Services utilized the services of Rodas as its agent to lease its rental properties.

11. The Property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b) and within the meaning of § 760.22(5), Fla. Stat.

12. Under the FHA and FFHA, it is unlawful to discriminate against a buyer, renter and/or "any person associated" therewith for reasons of disability, 42 U.S.C. § 3604(f)(1).

13. Ms. Grossman is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i) and within the meaning of § 760.35(1), Fla. Stat.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. This action is authorized and instituted pursuant to 42 U.S.C. § 3613 and § 760.35, Fla. Stat.

15. Venue is proper in this Court under 28 U.S.C. §1391 because the events giving rise to this action were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

## FACTUAL ALLEGATIONS

16. Plaintiff uses a wheelchair for mobility and does not have use of her legs. Plaintiff is a qualified person with a disability under the Florida Fair Housing Act and Fair Housing Act, and 42 U.S.C. § 3602(h).

17. The Property is a "dwelling" within the meaning of 42 U.S.C. §3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

18. In January 2024, Defendants were advertising the Property for lease using Facebook Marketplace. Plaintiff contacted Defendants (using the contact information from the ad) on January 19, 2024, and plans were made for Plaintiff to tour the Property the next day, Saturday, January 20, 2024.

19. Later in the day, on January 19, 2024, during a follow up communication with Rodas, Plaintiff mentioned that she was disabled and used a wheelchair. Rodas responded that the pathway to the Property was stone and not suitable to a wheelchair. Plaintiff explained that the Property's pathway would not present any issue for her. At that time, Rodas advised Plaintiff that she would not show the Property on January 20 as scheduled, because the current residents were moving out, but instead would show it the following Monday, January 22, 2024.

20. Then, on the morning of Monday, January 22, 2024, Rodas texted Plaintiff that

3

the Property was rented to someone else and canceled the showing; as part of these communications, Rodas added (by text message): "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs." These and other written messages demonstrate that Defendants learned Plaintiff was disabled on Friday, December 19, 2024, and thereafter (incorrectly) advised that the Property is not suitable for Plaintiff, based on disability, and then canceled a showing of the Property under false pretenses.

21. Indeed, Defendants' representation that the Property could not be toured on January 20, 2024, was false when made, and tours were given to the able-bodied on that day.

22. A lease was entered into with a third a party January 20, 2022 – the day Plaintiff was supposed to tour the Property, and the day others were allowed to tour the Property – this was a day after Defendants advised Plaintiff that she could not view the Property, and after Defendants, through Rodas, expressed a preference not to rent to Plaintiff on the basis of her protected class status (disability).

23. Defendants, with knowledge of Plaintiff's protected class status, willfully discriminated against Plaintiff under the terms and conditions that applied to all persons who were qualified or eligible renters.

24. As a result of Defendants' actions described above, Plaintiff has suffered and will continue to suffer irreparable loss and injury including, but not limited to loss of a housing opportunity, humiliation, embarrassment, emotional distress, and deprivation of her right to equal housing opportunities.

25. Defendants knew they were violating the Fair Housing Act and acted with deliberate disregard to Plaintiff's rights under federal and state law. As a result of Defendants' discrimination on the basis of disability, Plaintiff has also suffered non-economic injuries, such

as mental anguish, grievous emotional distress, embarrassment, frustration, anxiety, humiliation, loss of capacity for the enjoyment of life, loss of personhood and civil rights, and other personal injuries resulting from Defendants' discriminatory actions.

26. Defendants' acts, conduct and/or omissions regarding Plaintiff were intentional, malicious, and in wanton or reckless disregard of Plaintiff's rights and feelings, entitling Plaintiff to an award of punitive damages and/or exemplary damages. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

27. All conditions precedent to the filing of this action have been satisfied.

**COUNT I**
**VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(a)**
**(ALL DEFENDANTS)**

28. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

29. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

30. Defendants had actual knowledge that Plaintiff is a member of a protected class.

31. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

32. Upon learning of Plaintiff's disability, Defendants attempted to dissuade Plaintiff's interest in the Property, lied to reschedule and delay showing Plaintiff the Property, and deprived her of the opportunity to view and lease property on the same terms as able-bodied prospective renters.

33. Defendants allowed other prospective renters who were not disabled to view the Property and lease it on December 20, 2024, but refused Plaintiff the ability to do so, because of her disability.

34. Defendants thus refused to negotiate for rental of, or otherwise refused make unavailable or denied the Property to Plaintiff, because of Plaintiff's disability, in violation of 42 U.S.C. § 3604(a).

### COUNT II
### VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(b)
### (ALL DEFENDANTS)

35. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

36. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

37. Defendants had actual knowledge that Plaintiff is a member of a protected class.

38. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

39. Upon learning of Plaintiff's disability, Defendants attempted to dissuade Plaintiff's interest in the Property, lied to reschedule and delay showing Plaintiff the Property, and deprived her of the opportunity to view and lease property on the same terms as able-bodied prospective renters.

40. Defendants allowed other prospective renters who were not disabled to view the Property and lease it on December 20, 2024, but refused Plaintiff the ability to do so, because of her disability.

41. Defendants thus discriminated against Plaintiff in the terms, conditions, or privileges of a rental of a dwelling, because of Plaintiff's disability, in violation of 42 U.S.C. § 3604(b).

**COUNT III**
**VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(c)**
**(ALL DEFENDANTS)**

42. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

43. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

44. Defendants had actual knowledge that Plaintiff is a member of a protected class.

45. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

46. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

47. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented by subterfuge from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

48. Defendants thus made statements in written form, with respect to a preference not to rent to a wheelchair-bound renter, in violation of in violation of 42 U.S.C. § 3604(b).

**COUNT IV**
**VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(d)**
**(ALL DEFENDANTS)**

49. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

50. Plaintiff is a member of a protected class and aggrieved persons under the Fair

7

Housing Act.

51. Defendants had actual knowledge that Plaintiff is a member of a protected class.

52. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

53. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

54. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented *by subterfuge* from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

55. Defendants thus represented to Plaintiff that because of her disability, the property was not appropriate for her, and Plaintiff was on that basis denied any ability to rent the Property in this case, in violation of 42 U.S.C. § 3604(d).

## COUNT V
## VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(f)(1)
## (ALL DEFENDANTS)

56. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

57. Plaintiff is a member of a protected class and aggrieved persons under 42 U.S.C. 3602(i).

58. Defendants had actual knowledge that Plaintiff is a member of a protected class.

59. Plaintiff was qualified, ready, willing, and able to buy or rent the Property.

60. Upon learning of Plaintiff's disability, Defendants used subterfuge to delay

showing Plaintiff the Property and to deprive her of the opportunity to view and lease property on the same terms as able-bodied prospective renters.

61. Defendant allowed other prospective renters who were not disabled to view the Property and lease it on December 20, 2024, but refused Plaintiff the ability to do so, because of her disability.

62. Defendants' actions were committed with deliberate indifference to and in reckless disregard of Plaintiff's rights under Florida and federal law. Because of this unlawful discrimination, Plaintiff has suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**COUNT VI**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(1), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

63. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

64. The Florida FHA provides, in relevant part, that "it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, national origin, sex, disability, familial status, or religion." § 760.23(1), Fla. Stat.

65. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

66. Defendants had actual knowledge that Plaintiff is a member of a protected class.

67. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

68. Upon learning of Plaintiff's disability, Defendants attempted to dissuade

9

Plaintiff's interest in the Property, lied to reschedule and delay showing Plaintiff the Property, and deprived her of the opportunity to view and lease property on the same terms as able-bodied prospective renters.

69. Defendants allowed other prospective renters who were not disabled to view the Property and lease it on December 20, 2024, but refused Plaintiff the ability to do so, because of her disability.

70. Defendants thus refused to negotiate for rental of, or otherwise refused make unavailable or denied the Property to Plaintiff, because of Plaintiff's disability, in violation of § 760.23(1), Fla. Stat.

**COUNT VII**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(2), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

71. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

72. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

73. Defendants had actual knowledge that Plaintiff is a member of a protected class.

74. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

75. Upon learning of Plaintiff's disability, Defendants attempted to dissuade Plaintiff's interest in the Property, lied to reschedule and delay showing Plaintiff the Property, and deprived her of the opportunity to view and lease property on the same terms as able-bodied prospective renters.

76. Defendants allowed other prospective renters who were not disabled to view the Property and lease it on December 20, 2024, but refused Plaintiff the ability to do so,

because of her disability.

77. Defendants thus discriminated against Plaintiff in the terms, conditions, or privileges of a rental of a dwelling, because of Plaintiff's disability, in violation of § 760.23(1), Fla. Stat.

**COUNT VIII**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(3), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

78. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

79. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

80. Defendants had actual knowledge that Plaintiff is a member of a protected class.

81. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

82. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

83. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented by subterfuge from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

84. Defendants thus made statements in written form, with respect to a preference not to rent to a wheelchair-bound renter, in violation of in violation of § 760.23(3), Fla. Stat.

11

**COUNT IX**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(4), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

85. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

86. Plaintiffs repeat and reallege the allegations in paragraphs 1- 27 above as though fully set forth herein.

87. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

88. Defendants had actual knowledge that Plaintiff is a member of a protected class.

89. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

90. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

91. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented *by subterfuge* from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

92. Defendants thus represented to Plaintiff that because of her disability, the property was not appropriate for her, was not available for inspection on January 20, 2024, and on that basis, Plaintiff was denied any ability to rent the Property in this case, in violation of § 760.23(4), Fla. Stat.

**COUNT X**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(7), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

93. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

94. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

95. Defendants had actual knowledge that Plaintiff is a member of a protected class.

96. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

97. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

98. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented by subterfuge from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

99. Defendants thus discriminated against Plaintiff in the rental of housing on the basis of disability, in violation of § 760.23(7), Fla. Stat.

**COUNT XI**
**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**
**§760.23(8), FLA. STAT.**
**(AS TO ALL DEFENDANTS)**

100. Plaintiff repeats and realleges the allegations in paragraphs 1- 27 above as though fully set forth herein.

101. Plaintiff is a member of a protected class and aggrieved persons under the Fair Housing Act.

102. Defendants had actual knowledge that Plaintiff is a member of a protected class.

103. Plaintiff was qualified, ready, willing, and able to tour and rent the Property.

104. Upon learning of Plaintiff's disability, Defendants, through Rodas, prevented Plaintiff from viewing the Property, and then rented it to a third party, stating in writing: "As I explained to you, the entrance to the apartment is made of stone and is not suitable for wheelchairs."

105. This any other texts that will be put into the record confirm that Plaintiff disclosed her disability before the Property was rented, was prevented by subterfuge from viewing the Property, and that when confronted, Defendants confirmed that Plaintiff's disability was the motivating factor behind this misconduct.

106. Defendants thus discriminated against Plaintiff in the terms or conditions of the rental of housing on the basis of disability, in violation of § 760.23(8), Fla. Stat.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LORIN GROSSMAN, demands judgment against Defendants, CARLA RODAS and B&J SERVICES OF MIAMI, LLC, as well as their other representatives, if any, acting in concert and agreement with Defendants' discriminatory actions, and preventing discrimination in the future as follows:

   a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons

with disabilities;

b. That the Court enjoin Defendants from discriminating against Plaintiff and enjoin Defendants from denying other disabled persons the equal housing opportunity.

c. That the Court order Defendants to provide notice to all owners and tenants of the properties they own and operate of their rights under the Fair Housing Act, including their right to have accommodations because of a disability;

d. That the Court order that Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants of the terms of the Court's Order and the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

e. Enter declaratory judgment that the actions of Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, are discriminatory against persons with disabilities and illegal under the FHAA.

f. Preliminarily and permanently enjoin Defendants, and its agents, employees and successors, and all other persons in active concert or participation with Defendants, from further discrimination against people with disabilities in residential real estate transactions.

g. Grant affirmative relief as may be necessary to remedy Defendants' past discriminatory practices and decisions, and that of any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, and to insure Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, do not discriminate on basis of disability in the future including, but not

    limited to, fair housing training, monitoring and reporting;

h.  Award actual and compensatory damages to compensate Plaintiffs for economic losses and damages, and non-economic injuries, such as emotional distress, loss of civil rights, and humiliation and embarrassment caused by the Defendants' discrimination and that of any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, in an amount to be proven at trial;

i.  Grant Plaintiff an award of punitive damages and/or exemplary damages as a result of Defendants deliberate, intentional, overt, willful and flagrant discrimination, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, in an amount that reflects the dual purposes of punishment and deterrence;

j.  Grant Plaintiff an award of attorney fees, costs, and prejudgment and post-judgment interest incurred in bringing this action; and

k.  Grant such other and additional relief that the Court deems just and equitable under the circumstance.

DATED this ___ day of **January,** 2025.

                                              Respectfully Submitted,

                                              LAW OFFICES OF NOLAN KLEIN
                                              *Attorneys for Plaintiff*
                                              5550 Glades Road, Suite 500
                                              Boca Raton, FL 33431
                                              PH:    (954) 745-0588

                                              By:   */s/ Nolan Klein*
                                              NOLAN KLEIN, ESQ.
                                              Florida Bar No. 647977
                                              klein@nklegal.com
                                              amy@nklegal.com

## **VERIFICATION**

  I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

_____
LORIN GROSSMAN

17