**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-20455-KMM

LORIN GROSSMAN,

    Plaintiff,

v.

B&J SERVICES OF MIAMI, LLC, *et al.*,

    Defendants.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Lorin Grossman's ("Plaintiff") Motion for Entry of Final Default Judgment ("Mot." or "Motion"). (ECF No. 24). The Court referred this Motion to Magistrate Judge Marty Fulgueira Elfenbein pursuant to 28 U.S.C. § 636 to "take all necessary and proper action as required by law and/or to issue a Report and Recommendation." (ECF No. 25). Magistrate Judge Elfenbein issued a Report and Recommendation on December 17, 2025, where she recommends that Plaintiff's Motion be granted in part and denied in part. (ECF No. 27) ("R&R"). Neither party has filed objections to the R&R, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.   BACKGROUND**[1]

This case concerns a landlord's alleged refusal to show or lease property to Plaintiff based on her physical disability. *See generally* (ECF No. 1) ("Complaint" or "Compl.").

---

[1] The facts in this background section come from Plaintiff's Complaint, (ECF No. 1), as the Defendants have admitted these facts by defaulting. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Plaintiff uses a wheelchair for mobility and does not have use of her legs. *Id.* ¶ 16. Defendants Carla Rodas ("Rodas") and B&J Services of Miami, LLC ("B&J Services") (together with Rodas, "Defendants") advertised a property for lease using Facebook Marketplace in January 2024. *Id.* ¶ 18.

Plaintiff contacted Defendants through this advertisement, and plans were made for her to tour the property on January 20, 2024. *Id.* Plaintiff informed Defendants that she was disabled and used a wheelchair the day before her tour. *Id.* ¶ 19. Defendants told her that the property's stone pathway was not suitable for wheelchairs, but Plaintiff explained this would not present any issues. *Id.* Defendants rescheduled the tour to be on January 22, 2024, representing that they would not show the property on January 20, 2024, because the residents were moving out. *Id.* On the morning of January 22, 2024, however, Defendants told Plaintiff that the property had since been rented to someone else. *Id.* ¶ 20. Defendants told her again at this point that "the entrance to the apartment is made of stone and is not suitable for wheelchairs." *Id.* Plaintiff alleges that Defendants made false representations to her, as they did give tours to "the able-bodied" on January 20, 2024. *Id.* ¶ 21. Further, Defendants actually entered into a lease with a third party on January 20, 2024. *Id.* ¶ 22.

Plaintiff filed suit against Defendants on January 30, 2025. *See generally id.* She sued for violating the following: (1) Fair Housing Act, 42 U.S.C. § 3604(a) ("Count I"); (2) Fair Housing Act, 42 U.S.C. § 3604(b) ("Count II"); (3) Fair Housing Act, 42 U.S.C. § 3604(c) ("Count III"); (4) Fair Housing Act, 42 U.S.C. § 3604(d) ("Count IV"); (5) Fair Housing Act, 42 U.S.C. § 3604(f)(1) ("Count V"); (6) Florida Fair Housing Act, Fla. Stat. § 760.23(1) ("Count VI"); (7) Florida Fair Housing Act, Fla. Stat. § 760.23(2) ("Count

VII"); (8) Florida Fair Housing Act, Fla. Stat. § 760.23(3) ("Count VIII"); (9) Florida Fair Housing Act, Fla. Stat § 760.23(4) ("Count IX"); (10) Florida Fair Housing Act, Fla. Stat. § 760.23(7) ("Count X"); and (11) Florida Fair Housing Act, Fla. Stat. § 760.23(8) ("Count XI").  Compl. ¶¶ 28–106.

Plaintiff served Rodas on February 5, 2025, and served B&J Services via substitute service on March 6, 2025.  (ECF Nos. 7, 14, 16).  The Clerk of Court entered Default for failure to file or serve responsive papers against Rodas on March 4, 2025, and against B&J Services on April 1, 2025.  (ECF Nos. 9, 21).  On April 28, 2025, Plaintiff filed the instant Motion, seeking the entry of final default judgment against both Defendants.  *See generally* Mot.  Plaintiff seeks $134,000 in total damages, which includes $100,000 in punitive damages, $9,000 in rental savings,[2] and $25,000 in compensatory damages.  *Id.* at 7–10.  She also requests the Court reserve jurisdiction to award reasonable attorney's fees and costs following the entry of judgment.  *Id.* at 10.

Now before the Court is Magistrate Judge Elfenbein's R&R, recommending the Court: (1) deny entry of default judgment as to Counts I and II; (2) enter default judgment as to Counts III–XI; (3) grant Plaintiff's request for $100,000 in punitive damages; (4) award Plaintiff $32,200 in compensatory damages, including $25,000 for non-economic injuries and $7,200 in lost rental savings; and (5) reserve jurisdiction to determine and award reasonable attorney's fees and costs.  *See generally* R&R.

II.     **LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[2] Plaintiff also filed an affidavit with her Motion.  *See* (ECF No. 24-1).  Therein, she requests $7,200 for the rental savings she missed out on, not $9,000, as requested in the Motion.  *Id.* ¶ 15.

72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

In this case, where the Parties have not objected to the R&R, the Court need only review the R&R for clear error. *See Keaton*, 2015 WL 12780912, at *1.

Magistrate Judge Elfenbein notes that because Plaintiff has already obtained a Clerk's default, default judgment is appropriate so long as the Complaint states a claim for relief that is plausible on its face. R&R at 10 (citations omitted). The Court agrees. She also finds that the Florida Fair Housing Act "is to be construed consistently with federal law," and treats corresponding provisions of the Florida Fair Housing Act and the federal Fair Housing Act interchangeably, where appropriate. *Id.* The Court adopts the same approach.

### A. Counts I, II, VI and VII

Magistrate Judge Elfenbein finds that the entry of default judgment is not warranted as to Counts I and II, but is warranted as to Counts VI and VII. She finds that Counts I and II seek relief under 42 U.S.C. § 3604 (a), (b), and that these subsections of the Fair Housing Act do not cover discrimination based on disability. R&R at 10–11. Magistrate Judge Elfenbein notes Plaintiff alleges she was discriminated against specifically because of her disability. *Id.* at 11. Magistrate Judge Elfenbein therefore finds that Counts I and II fail to state a claim, and so default judgment cannot be entered. *Id.*

As for Counts VI and VII, Magistrate Judge Elfenbein finds that subsections (1) and (2) of the Florida Fair Housing Act cover housing discrimination on the basis of disability. *Id.* (citing Fla. Stat. § 760.23(1), (2)). She finds that Plaintiff plausibly states a claim for relief under Count VI, because she alleges Defendants had actual knowledge of her protected status, that she was qualified, ready, willing, and able to tour and rent the property, and that Defendants "attempted to dissuade her interest, used subterfuge to delay and prevent her from viewing the Property, allowed able-bodied prospective renters to view and lease the Property, and refused Plaintiff that same opportunity because of her disability." *Id.* As for Count VII, Magistrate Judge Elfenbein finds that Plaintiff plausibly alleges she has a disability, Defendants knew about it, she was qualified and able to rent the property, and Defendants deprived her of the opportunity to rent on the same terms as able-bodied renters because of her disability. *Id.* at 12. Magistrate Judge Elfenbein also notes that the substance of Count VII speaks to being discriminated against in the "terms, conditions, or privileges" because of her disability, which is prohibited by § 760.23(2). *Id.* Therefore, it is not fatal to Count VII that it cites to § 760.23(1) instead of § 760.23(2) in its final paragraph. *Id.*

The Court finds no clear error in any of Magistrate Judge Elfenbein's findings as to Counts I, II, VI, and VII. Therefore, the Court enters default judgment against Defendants[3] as to Counts VI and VII, but not as to Counts I and II.

### B. Counts III and VIII

Magistrate Judge Elfenbein finds that the entry of default judgment is warranted as to Counts III and VIII. R&R at 12–13. She explains first that 42 U.S.C. § 3604(c) prohibits "making, printing, or publishing any notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on protected traits." *Id.* at 12. Magistrate Judge Elfenbein also explains that defendants may be liable under this subsection even if they just contributed to a violation of the Fair Housing Act's prohibitions surrounding discrimination in the rental context, even where the plaintiff fails to prove liability for that particular defendant. *Id.* Further, she explains that this subsection covers communications and written statements made by a person engaged in the rental of a dwelling. *Id.* (citation omitted). Finally, Magistrate Judge Elfenbein notes that the provisions in Counts III and VIII can be interpreted together. *See id.* at 13.

Magistrate Judge Elfenbein finds that Plaintiff states a plausible claim for relief, because Plaintiff alleges that Defendant Carla Rodas's written communications reflect that Plaintiff's disability "was the motivating factor behind Defendants' refusal to show and lease the Property to her." *Id.* (citation omitted). The Court finds no clear error in any of

---

[3] The Court agrees with Magistrate Judge Elfenbein's findings that the Fair Housing Act provides for vicarious liability, thereby implicating both Defendants. R&R at 11 n.3 (citing *Meyer v. Holley*, 537 U.S. 280 (2003)).

Magistrate Judge Elfenbein's findings as to Counts III and VIII. Therefore, the Court enters default judgment against Defendants as to Counts III and VIII.

### C. Counts IV and IX

Magistrate Judge Elfenbein finds that entry of default judgment is warranted as to Counts IV and IX. *Id.* She explains that 42 U.S.C. § 3604(d) protects the "legal right to truthful information about available housing." *Id.* (citation omitted). She notes that to state a plausible claim under this subsection, plaintiffs must allege that the defendants made a misrepresentation regarding the availability of housing, based on plaintiffs' protected trait. *Id.* Magistrate Judge Elfenbein also notes that the provisions in Counts IV and IX can be interpreted together. *Id.* Magistrate Judge Elfenbein finds that Plaintiff states a plausible claim for relief under both Counts IV and IX, because Plaintiff alleges that Defendants misrepresented to her that the property in question could not be toured on a day where able-bodied persons were allowed to tour. *Id.* The Court finds no clear error in any of Magistrate Judge Elfenbein's findings as to Counts IV and IX. Therefore, the Court enters default judgment against Defendants as to Counts IV and IX.

### D. Counts V and X

Magistrate Judge Elfenbein finds that entry of default judgment is warranted as to Counts V and X. *Id.* at 14. She finds that under both 42 U.S.C. § 3604(f)(1) and Fla. Stat. § 760.23(7), a plaintiff must allege at least "that [] adverse action was taken because of a disability and state the facts on which the plaintiff relies to support that claim." *Id.* (citation omitted). Magistrate Judge Elfenbein notes that Plaintiff has alleged both that the subject property was toured by and rented to renters who were not disabled, and that Defendants "refused Plaintiff the ability to tour and rent the Property because of her disability." *Id.* Magistrate Judge Elfenbein finds that Plaintiff's allegations are sufficient to plausibly state

that Defendants' adverse actions were taken because of Plaintiff's disability. *Id.* Therefore, she finds that default judgment is warranted as to Counts V and X. *Id.* The Court finds no clear error in Magistrate Judge Elfenbein's reasoning as to Counts V and X. Therefore, the Court enters default judgment against Defendants as to Counts V and X.

### E. Count XI

Magistrate Judge Elfenbein finds that entry of default judgment is warranted as to Count XI. *Id.* She states that Fla. Stat. § 760.23(8) "makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of disability." *Id.* Magistrate Judge Elfenbein finds that Plaintiff's allegations plausibly support an inference that, because of her disability, she was denied an equal opportunity to rent the subject property on the same terms and conditions as were available to able-bodied prospective renters. *Id.* This is sufficient to plead a plausible claim pursuant to Fla. Stat. § 760.23(8). *Id.* The Court finds no clear error in Magistrate Judge Elfenbein's findings as to Count XI. Therefore, the Court enters default judgment against Defendants as to Count XI.

### F. Damages

After establishing that default judgment should be entered as to Counts III–XI, Magistrate Judge Elfenbein moved on to calculating actual and punitive damages. *Id.* at 15–19. She correctly notes that, on default judgment, the amount of damages are not admitted by virtue of Defendants' default, and that courts "determine[] the amount and character of damages to be awarded." *Id.* at 15 (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). She also notes that both the federal and Florida Fair Housing Acts authorize awards of actual and punitive damages, as well as reasonable attorney's fees and costs. *Id.* at 16.

Magistrate Judge Elfenbein finds that Plaintiff relies on the incorrect provision of Florida law in requesting damages, as Plaintiff seeks damages under Fla. Stat. § 760.11(5), which is the damages provision of the Florida Civil Rights Act, rather than Fla. Stat. § 760.35, the damages provision of the Florida Fair Housing Act. *Id.* at 16–17. Because the Florida Fair Housing Act is intended to operate in harmony with the federal Fair Housing Act, and because these acts authorize the same forms of damages, Magistrate Judge Elfenbein treated Plaintiff's citation to the Florida Civil Rights Act as a non-substantive mistake. *Id.* at 17. As such, she analyzes damages under Fla. Stat. § 760.35 and 42 U.S.C. § 3613(c). The Court agrees with this approach.

As for punitive damages, Magistrate Judge Elfenbein recommends awarding $100,000 to punish and deter willful disability discrimination in housing. *Id.* at 18. In reaching this recommendation, Magistrate Judge Elfenbein relies on Plaintiff's sworn affidavit describing intentional disability-based exclusion, and on the fact that Defendants offered no contrary evidence as to willfulness or as to their financial status, which could militate against the requested punitive damages amount of $100,000. *Id.*

As for actual damages, Magistrate Judge Elfenbein recommends awarding $25,000 for emotional distress, humiliation, and loss of dignity, as well as $7,200 in increased rent Plaintiff paid as a result of being forced to remain in her old apartment after she was unable to rent the subject property. *Id.* at 18–20. Magistrate Judge Elfenbein finds that actual damages based in emotional distress, humiliation, and embarrassment are awardable, even if not susceptible to exact measurement, as they may be inferred from the circumstances or proved by testimony. *Id.* at 19. She states that Eleventh Circuit caselaw also supports awarding damages based on humiliation and related harms, even without physical

9

symptoms or publicity. *Id.* (citing *Banai v. Sec'y, U.S. Dept. of Hous. & Urban Dev. on Behalf of Times*, 102 F.3d 1203, 1207 (11th Cir. 1997)). Magistrate Judge Elfenbein finds that Plaintiff's sworn declaration supports awarding her $25,000 in damages for emotional distress, loss of dignity, and humiliation. *Id.* She further finds that this award is reasonable in light of comparable Eleventh Circuit cases. *Id.* at 19–20 (collecting cases). As for Plaintiff's lost rental savings, Magistrate Judge Elfenbein recommends awarding $7,200, representing the additional $120 in rent Plaintiff swore she has paid each month for five years as a result of not being allowed to lease the subject property. *Id.* at 20.

The Court finds no clear error in Magistrate Judge Elfenbein's findings as to damages. As such, the Court agrees that Plaintiff shall be awarded $132,200 in damages ($100,000 in punitive damages, $7,200 in lost rental savings, and $25,000 in other actual damages for emotional distress). Finally, Magistrate Judge Elfenbein recommends that the Court grant Plaintiff's request to reserve jurisdiction to award reasonable attorney's fees and costs following the entry of judgment. *Id.* The Court agrees.

### IV.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Magistrate Judge Elfenbein's Report and Recommendation (ECF No. 27) is ADOPTED.

2. Plaintiff's Motion for Default Judgment (ECF No. 24) is GRANTED IN PART and DENIED IN PART.

3. The Clerk of Court is DIRECTED to enter final default judgment against Defendants as to Counts III–XI, but not as to Counts I and II.

4. Plaintiff is awarded $132,200, including $100,000 in punitive damages and $32,200 in actual damages.

5. Plaintiff's counsel is DIRECTED to file a supplemental affidavit on the amount of attorney's fees and costs, including all necessary information to support a lodestar analysis, with supporting timesheets.

DONE AND ORDERED in Chambers at Miami, Florida, this  9th   day of February, 2026.

                                                K. MICHAEL MOORE
                                                UNITED STATES DISTRICT JUDGE

c: All counsel of record